HOUSTON, Justice
(dissenting).
I would reverse the judgment of the Court of Criminal Appeals; therefore, I respectfully dissent.
. The United States Supreme Court in Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), held that when an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the officer and go about his business. Any refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure.
I cannot distinguish the facts in this case from those in Florida v. Royer. In this case, Police Officer Kenny Horn was walking to East Burdeshaw Street (which Officer Horn described as an area known for drug activity) when he saw several individuals (including the petitioner Anthony Charles Thomas) standing in front of a house. No one had made any complaints about Thomas, and it was not uncommon for people in the area to congregate in front of houses. Officer Horn noticed that Thomas was moving something around in his mouth. Although Officer Horn admitted that Thomas could have had candy, chewing gum, a breath mint, or a cough drop in his mouth, Officer Horn believed that Thomas might be concealing crack cocaine in his mouth, so Officer Horn approached Thomas and began questioning him. Thomas attempted to walk away and refused to answer the questions Officer Horn asked. Officer Horn placed his hands on Thomas and asked him to stop and then to open his mouth. I do not believe that Officer Horn had justification to detain Thomas, and I would hold that any evidence gained as a result of that wrongful detention should, upon proper motion, be suppressed. It was not; therefore, I would reverse the conviction. See Ex parte Tucker, 667 So.2d 1339 (Ala.1995).
JOHNSTONE, J., concurs.